UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP MICHAEL LITTLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11 CV 57 |
| ) | |
| SUPERINTENDENT, WESTVILLE ) | |
| CONTROL UNIT, ) | |
| ) | |
| Respondent. ) | |

## OPINION and ORDER

Petitioner Michael Littler, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 2008 conviction in the St. Joseph Superior Court for murder, for which he received a sentence of fifty years imprisonment with five years suspended. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Section 28 U.S.C. 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where

that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel* 526 U.S. 838, 846-47 (1999).

Littler concedes in his petition that he has not presented his claims to the Indiana Supreme Court. He states in his petition that he did not "directly appeal (or petition to transfer) to the Indiana Supreme Court" either on his direct appeal (DE # 1 at 1) or his petition for post-conviction relief. (DE #1 at 2.) Additionally, for each of the issues he presents, Littler checked "no" in answer to the question "did you present ground [] to the Indiana Supreme Court." (DE #1 at 3-4.)

Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. There is no suggestion here that Indiana's corrective process is not capable of protecting the rights of the applicant, and Littler's petition does not meet the requirements necessary for this court to excuse the exhaustion doctrine. Accordingly, the court must dismiss this petition because it establishes on its face that the petitioner has not exhausted his state court remedies. The dismissal will be without prejudice to Littler's right to file a new petition for writ of habeas corpus raising these claims if he is able to exhaust his state court remedies.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Littler a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or,

2

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

As is fully explained above, Littler has not exhausted his state court remedies as to any of the claims he wishes to present to the court. Littler has not established that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Assuming Littler could satisfy the first prong by showing that the court's procedural ruling is debatable, he would fail on the second prong. For the reasons fully articulated in this memorandum, the court concludes that Littler has failed to exhaust his state court remedies. Accordingly, the court declines to issue Littler a certificate of appealability.

For the foregoing reasons, the court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court and **DENIES** the Petitioner a certificate of appealability.

**SO ORDERED.**

Date: April 20, 2011

<u>s/James T. Moody</u>
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT